**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| ASHLEY THIBODEAUX | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | **Civil Action No.** |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE | § | |
| DEFENDANT, | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**COMES NOW** Ashley Thibodeaux ("Plaintiff"), by and through her attorney of record DaSean A. Jones, with this Original Complaint against Texas Department of Criminal Justice ("Defendant"). In doing so, Plaintiff presents the following:

**NATURE OF ACTION**

1. The action is brought to remedy discharge, retaliation, and discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("TITLE VII") on the basis of Race and Gender and in the terms, conditions and privileges of employment.

**JURISDICTION**

2. This Court has jurisdiction over this case pursuant to 28 U.S.C §§ 1331 (federal question) and 1343 (civil rights).

3. Venue in this Court is appropriate pursuant to 42 U.S.C § 12117 (a), 42 U. S. C. §2000E-5 (f) (3), and 28 U. S. C. §1391, because the employment practices involved in this dispute occurred in Houston Texas, and thus venue is proper in the Southern District of Texas.

## ADMINISTRATIVE PROCEEDINGS

4. Plaintiff has timely and fully complied with prerequisites for administrative exhaustion required for jurisdiction in this Court under TITLE VII, and thus all conditions precedent to this lawsuit within the meaning of 9 (c) of the Fed. R. Civ. Pro. has been performed or have otherwise occurred.

5. In particular, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission within 300 days of the action complained of. This lawsuit was timely filed.

## PARTIES

6. Plaintiff was a public employee of the Texas Department of Criminal Justice.

7. Defendant is a State Government Entity who may be served at, 209 West 14th Street, Suite 500 Austin, TX 78711.

## STATEMENT OF CLAIMS

2. **Employee**. Plaintiff is an "employee" as defined under 42 U.S.C. § 2000e (f) of TITLE VII.

3. **Employer**. Defendant is a "covered" "employer" as defined 42 U.S.C. § 2000e (b) of TITLE VII. Defendant is also an "employer" as defined in 42 U.S.C. § 2000e (b) of TITLE VII as engaged in an industry, which affected commerce, and because it had over the requisite number of employees and administrative employees working for it at all times relevant to this suit.

4. Defendant is a state agency that manages offenders in state prisons, state jails and private correctional facilities that contract with Texas Department of Criminal Justice. In addition, Defendant employs over 500 employees.

5. Plaintiff is an African American female and resides in Harris County, Texas. On or about November 2008, Plaintiff began a second period of employment with Texas Department of Criminal Justice. Plaintiff was employed as a Correctional Officer of the Texas Department of Criminal Justice.

6. On or about December 6, 2012, Plaintiff, along with several other employees, attempted to break up a fight between two female officers. On or about December 17, 2012, Plaintiff was recommended for dismissal. On or about January 15, 2013, the recommendation for dismissal was approved.

7. Plaintiff was terminated. Two other male offices who assisted in breaking up the altercation received no disciplinary action. The male officers' statements regarding the altercation were revised to ensure that the plaintiff was terminated. Statements from female officers were not considered. Plaintiff was not permitted to provide witnesses during the investigatory meeting before the warden. Captain Rodriguez, a male, who initiated the adverse employment action against Plaintiff, was not present at the investigatory meeting.

8. While employed with Texas Department of Criminal Justice, Plaintiff opposed unjust treatment of African American and female guards. Defendant stated reason for Plaintiff's dismissal was for allegedly instigating or participating in a physical confrontation or altercation.

9. Plaintiff has performed all necessary administrative filings prior to bringing this cause of action. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a Notice of Right to File a Civil Action from the EEOC that was mailed on February 27, 2014. Plaintiff

timely filed this lawsuit.

## CAUSES OF ACTION

### COUNT ONE – RACIAL DISCRIMINATION IN VIOLATION OF CHAPTER 21 OF THE CIVIL RIGHTS ACTS OF 1964, 42 U.S.C. § 2000e - 2

2. Defendant wrongfully terminated Plaintiff because of her race.

3. Plaintiff incorporates by reference paragraphs 1 through 9 of this Complaint.

4. 42 U.S.C. § 2000e-2 makes it unlawful to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race.

5. Plaintiff, an African-American female, was employed by Defendant as an at-will employee. Plaintiff's supervisor subjected her to several sorts of employment actions not required of similarly situated personnel who were not African American. Defendant acted upon an available excuse to illegally remove Plaintiff from her employment and service with Texas Department of Criminal Justice. Plaintiff was discriminated against as a result of her race. Plaintiff seeks un-liquidated damages within the jurisdictional limits of this court.

6. Plaintiff suffered actual damages and loss for which she herein sues. Plaintiff seeks un-liquidated damages within the jurisdictional limits of this court. Plaintiff's injury resulted from Defendant's engaged in a discriminatory practice with malice or with reckless indifference to the federally protected rights of an aggrieved individual, which entitles Plaintiff to punitive damages under the 24 U.S.C. § 1981a (b).

7. Pursuant to the 42 U.S.C. § 2000e-2 of TITLE VII, Plaintiff brings action

against Defendant for all violations Defendant has committed of § 2000e-2, which may be revealed, through discovery or otherwise.

8. Plaintiff is entitled to recover compensatory damages. Plaintiff has also had to employ an attorney to vindicate her rights under the law, and seeks reasonable and necessary attorneys' fees. In addition, Plaintiff seeks to recover prejudgment and post-judgment interest, and punitive damages to the extent authorized by law. All of Plaintiff's claims are within the jurisdictional limits of this Court.

### COUNT TWO – GENDER DISCRIMINATION IN VIOLATION OF CHAPTER 21 OF THE CIVIL RIGHTS ACTS OF 1964, 42 U.S.C. § 2000e - 2

9. Defendant wrongfully terminated Plaintiff because of her gender.

10. Plaintiff incorporates by reference paragraphs 1 through 9 of this Complaint.

11. 42 U.S.C. § 2000e-2 makes it unlawful to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's gender.

12. Plaintiff was employed by Defendant as an at-will employee. Defendant acted upon an available excuse to illegally remove Plaintiff from her employment and service with Texas Department of Criminal Justice, rather, Plaintiff was discriminated against as a result of her sex/gender. Plaintiff was discriminated against as a result of her gender.

13. Plaintiff suffered actual damages and loss for which she herein sues. Plaintiff seeks un-liquidated damages within the jurisdictional limits of this court. Plaintiff's injury resulted from Defendant's engaged in a discriminatory practice with malice or with reckless indifference to the federally protected rights of an aggrieved individual, which entitles Plaintiff to punitive damages under the 24 U.S.C. § 1981a (b).

14. Pursuant to the 42 U.S.C. § 2000e-2 of TITLE VII, Plaintiff brings action against Defendant for all violations Defendant has committed of § 2000e-2, which may be revealed, through discovery or otherwise.

15. Plaintiff is entitled to recover compensatory damages. Plaintiff has also had to employ an attorney to vindicate her rights under the law, and seeks reasonable and necessary attorneys' fees. In addition, Plaintiff seeks to recover prejudgment and post-judgment interest, and punitive damages to the extent authorized by law. All of Plaintiff's claims are within the jurisdictional limits of this Court.

### COUNT THREE – RETALIATION IN VIOLATION OF CHAPTER 21 OF THE CIVIL RIGHTS ACTS OF 1964, 42 U.S.C. § 2000e - 3

16. Defendant wrongfully terminated Plaintiff because she opposed unlawful employment practices.

17. Plaintiff incorporates by reference paragraphs 1 through 9 of this Complaint.

18. 42 U.S.C. § 2000e-3 makes it unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment to discriminate against any individual because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing.

19. Plaintiff was employed by Defendant as an at-will employee. Defendant acted upon an available excuse to illegally remove Plaintiff from her employment and service with Texas Department of Criminal Justice, rather, Plaintiff was termination was in retaliation for opposing unlawful employment practices on the basis of race and gender.

20. Plaintiff suffered actual damages and loss for which she herein sues. Plaintiff seeks un-liquidated damages within the jurisdictional limits of this court. Plaintiff's

injury resulted from Defendant's engaged in a discriminatory practice with malice or with reckless indifference to the federally protected rights of an aggrieved individual, which entitles Plaintiff to punitive damages under the 24 U.S.C. § 1981a (b).

21. Pursuant to the 42 U.S.C. § 2000e-3 of TITLE VII, Plaintiff brings action against Defendant for all violations Defendant has committed of § 2000e-3, which may be revealed, through discovery or otherwise.

22. Plaintiff is entitled to recover compensatory damages. Plaintiff has also had to employ an attorney to vindicate her rights under the law, and seeks reasonable and necessary attorneys' fees. In addition, Plaintiff seeks to recover prejudgment and post-judgment interest, and punitive damages to the extent authorized by law. All of Plaintiff's claims are within the jurisdictional limits of this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Ms. Thibodeaux requests the Defendant be cited to appear and answer, and that on hearing Plaintiff be awarded (1) backpay, (2) front pay, (3) interest (pre- & post-), (4) attorneys fees, (5) litigation expenses, (6) compensatory damages, (7) punitive damages, (8) liquidated damages, (9) unliquidated damages, (10) court costs, (11) and all other remedies deemed appropriate by law to which she may be entitled.

**Plaintiff, ASHLEY THIBODEAUX, requests a trial by jury as to all counts.**

                                                                **Respectfully submitted,**

                                                                _____
                                                            **DASEAN A. JONES**
                                                            State Bar No. 24078750

        112 West 4th Street
        Houston, Texas 77007
        Telephone: 832.529.2220
        Facsimile: 832.529.2233
        jones@jonesmorrow.com
        **Attorney for Plaintiff,**
        **ASHLEY THIBODEAUX**